| | | |
|---|---|---|
| **DAVID A. HULLENDER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ANDREW SAUL,**[1] | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Memorandum and Recommendation (#16) of the magistrate judge. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff timely filed Objections (#17), the Commissioner timely filed a Response (#18), to which Plaintiff filed a Reply (#19).

## I.    STANDARD OF REVIEW

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute

---

[1]    Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 U.S.C. 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

"when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff objects to the magistrate judge's findings that (1) the ALJ properly weighed the opinions of a treating physician and a nurse, and (2) the ALJ properly assessed Plaintiff's mental RFC. (See Pl. Obj. (#17)). The Court will consider each objection in turn. Plaintiff has not objected to the magistrate judge's conclusion that the ALJ properly relied on the vocational expert's testimony.

## II.     DISCUSSION

### A.     Plaintiff's First Objection

Plaintiff first argues that the magistrate judge incorrectly concluded that the ALJ gave proper weight to the opinion of a treating physician, Cynthia Witt, MD, and a mental health nurse, Novlett Campbell, APRN. Plaintiff contends that the reasons the ALJ gave for giving Dr. Witt's opinions little weight are not supported by substantial evidence.

### 1.     The ALJ Properly Evaluated the Medical Opinion of Dr. Witt

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

If a physician's opinion is not given controlling weight, then the "factors listed below" and in paragraphs (d)(3) through (5) used to determine the amount of weight to be given it are (1) the length of the treatment relationship and the frequency of examination ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"); (2) the nature and extent of the treatment relationship; (3) supportability ("the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); (4) consistency ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); and (5) specialization ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Id. The regulation also makes clear, however, that the ultimate determination of disability is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Pittman v. Massanari 141 F. Supp. 2d 601, *608 (W.D.N.C. 2001). Here, Plaintiff argues that the ALJ relied only on evidence that supported his unfavorable determination, rather than considering Plaintiff's entire treatment history with Dr. Witt. Plaintiff also takes issue with the magistrate judge's observation that Dr. Witt's assessment was a "check-box" or "fill-in-the-blank" form and that such forms are often due less weight because they are often less well-supported than other opinions. (Pl. Obj. 2–3; M&R 9, n.4). This observation, however, was not the only reason the magistrate judge found in favor of the ALJ's analysis. Indeed, the magistrate judge merely acknowledged, in a footnote, that "check-box" forms are entitled to little weight. Id. He also noted that Dr. Witt's single-sentence assessment[2] was conclusory in nature and, as such, his medical

---

[2] On August 9, 2016, Dr. Witt wrote a short letter, which stated:

> RE: David A Hullender, DOB 9/22/70
>
> Above is permanently unable to work due to a combination of mental & physical health problems. Thank you in advance for your cooperation. Do not hesitate to call me if you have any questions.

(Tr. 1672).

opinion was entitled to less weight due to lack of supporting evidence. (M&R 10 (citing Tr. 30));
see 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant
evidence to support a medical opinion, particularly medical signs and laboratory findings, the more
weight we will give that medical opinion.").  In addition, both the magistrate judge and the ALJ
explained that Dr. Witt's short assessment was essentially a vocational determination and that
disability determination is a legal question left to the province of the Commissioner, not a doctor.
(Tr. 30); see 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) ("We are responsible for making the
determination or decision about whether you meet the statutory definition of disability.").

The magistrate judge went on to explain that, while the ALJ acknowledged Dr. Witt was a
treating physician, the ALJ explained that Dr. Witt's treatment records did not support the severity
of the limitations she found and the conservative nature of Plaintiff's care over the years was
inconsistent with Dr. Witt's opinions.  (See M&R 7, 9–10 (citing Tr. 30)).  The magistrate judge
recited at length Dr. Witt's findings that substantially supported the ALJ's decision to give Dr.
Witt's vocational conclusions little weight.  (See M&R 8–10).  As such, the Court finds that the
ALJ properly considered and gave "little weight" to Dr. Witt's August 9, 2016 physical
assessment.  (See M&R 9).  The ALJ also fulfilled his obligation of explaining why he gave the
opinion of Dr. Witt little weight.  This portion of Plaintiff's first objection is, therefore, overruled.

### 2.    The ALJ Properly Evaluated the Medical Opinion of Nurse Campbell

Plaintiff also objects to the magistrate judge's determination that the ALJ properly afforded
little weight to the opinion of Nurse Campbell.  Both the magistrate judge and the ALJ explained
that, because she is not a licensed physician or other healthcare provider listed under SSR 06-3p,[3]

---

[3] SSR 06-3p has been rescinded, and the rescission is effective for claims filed on or after March
27, 2017.  82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017).  Plaintiff's claims were
filed before the effective date of the rescission; therefore, SSR 06-3p applies here.

Nurse Campbell is not an "acceptable medical source." SSR 06-3p, 2006 WL 2329939, at *1 (Aug. 9, 2006). The distinction between medical sources that are "acceptable medical sources" and other medical sources is required because "acceptable medical sources" are needed to establish medically determinable impairments. Beyond that, only "acceptable medical sources" can provide medical opinions and can be treating sources whose opinions are entitled to controlling weight. Id. at 2. Nurses are not considered to be "acceptable medical sources." Id. As such, the magistrate judge and the ALJ properly determined that her opinion was not entitled to controlling weight.

The magistrate judge also explained that a medical source that is not "acceptable" under SSR 06-3p may still be given "great weight" when considered in the context of the entire record. (See M&R 12). However, the ALJ found and the magistrate judge agreed that Nurse Campbell's opinion did not warrant great weight because she failed to offer any supporting evidence or explanations for her opinions. (Id.; Tr. 32). The magistrate judge pointed out that "Plaintiff concede[d] that Nurse Campbell rendered her June 29, 2016 opinion just seven days after she initiated treatment with him and after only one session together." (M&R 13 (citing Pl. Mem. 16)). During that single session, Nurse Campbell noted no difficulties in concentration or attention and found no memory impairments. (M&R 14; Tr. 1754). Yet she found marked difficulties in Plaintiff's memory and concentration in her RFC assessment. (M&R 14; Tr. 1668–69). Given this discrepancy, both the ALJ and the magistrate judge properly concluded that Nurse Campbell's opinion is not entitled to great weight. Plaintiff's first objection is overruled.

### B.     Plaintiff's Second Objection

Plaintiff also objects to the magistrate judge's conclusion that the ALJ properly assessed his mental RFC. (Pl. Obj. 6–10). He argues "[t]he ALJ did not accommodate or explain the rejection of all the limitations that the ALJ assessed at Step Three in the RFC," and that the

magistrate judge incorrectly concluded that Plaintiff's moderate limitation in concentration, persistence, and pace is accounted for in the RFC. (Pl. Obj. 7; M&R 15). The Court disagrees.

The ALJ reviewed the medical evidence of record, including the findings of two State agency psychological consultants who opined that Mr. Hullender was, despite his moderate difficulties in various mental functions, nevertheless able to perform simple tasks in a stable, low-stress setting. (Tr. 27–32). Thereafter, the ALJ appropriately limited Plaintiff to simple, routine, repetitive tasks in a low-stress and low-production environment. This determination limited the complexity of the tasks that Plaintiff would be asked to remember and perform, the variety of his responsibilities, and the degree to which he would be distracted by production demands and work-place stress. (Tr. 27).

Plaintiff argues the ALJ's RFC assessment is insufficient because the "ALJ failed to explain what he meant by low stress and low production environment," and that the ALJ's use of the phrase "low production environment" is ambiguous and requires further explanation. (Pl. Obj. 8). Plaintiff contends the ALJ's failure to define the phrase is error and warrants remand under Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019) and Perry v. Berryhill, No. 18-1076, 2019 U.S. App LEXIS 6969 (4th Cir. Mar. 8, 2019) (unpublished).

In Thomas, the Fourth Circuit remanded a Social Security appeal because the ALJ's analysis contained "too little logical explanation for [the Court] to conduct meaningful appellate review." 916 F.3d at 313. The Fourth Circuit remanded, in part, because the ALJ (1) erroneously stated the claimant's RFC before engaging in a function-by-function analysis,[4] and (2) failed to define the phrase "requiring a production rate or demand pace," as such phrase is not common and is not defined in case law or by statute. Id.

---

[4] Although the Fourth Circuit noted that this error, on its own, does not necessarily require remand.

- 6 -

In <u>Perry</u>, the Fourth Circuit held that ALJ's failure to explain term "non-production oriented work setting" required remand.  765 F. App'x at 870.  The Fourth Circuit explained that it "d[id] not know what the ALJ intended when she used that phrase," making it "difficult, if not impossible, to evaluate whether restricting [the plaintiff] to a 'non-production oriented work setting' properly accounted for [his] well-documented limitations in concentration, persistence, and pace."  <u>Id.</u> at 872.  In reaching this decision, the Fourth Circuit factually distinguished both <u>Perry</u> and <u>Thomas</u> from another Fourth Circuit case that reached a different conclusion:

> We note that in <u>Sizemore v. Berryhill</u>, 878 F.3d 72, 80–81 (4th Cir. 2017), we found that an ALJ had adequately explained a residual functional capacity assessment that restricted the claimant, in part, to "non-production jobs." But in contrast to this case and to <u>Thomas</u>, the ALJ in <u>Sizemore</u> provided additional context, explaining that the claimant could perform work only in a "low stress" setting, without any "fast-paced work" or "public contact," to account for moderate limitations in concentration, persistence and pace. <u>Id.</u> at 79 (internal quotations omitted). Those descriptors helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations. <u>Id.</u> at 81.

<u>Perry</u>, 765 F. App'x at 872, n.1.  In this case, the magistrate judge found that the ALJ provided such "additional context."  The ALJ explained that Plaintiff was capable of simple, routine, and repetitive tasks in a low stress and low production environment and that Plaintiff could work with only occasional exposure to people.  (Tr. 26–27; M&R 15).  This explanation is strikingly similar to the one in <u>Sizemore</u>, where the Fourth Circuit found substantial evidence supported the ALJ's determination that the claimant was limited to "low stress" settings that were "non-production jobs" without any fast-paced work or public contact.  878 F.3d at 79.  Furthermore, "low production environment" has been used in this district and elsewhere to describe a claimant's limitations.  <u>See, e.g.</u>, <u>Rickman v. Astrue</u>, 1:10-CV-2, 2011 WL 5418733, at *7 (W.D.N.C. Nov. 9, 2011) ("At the administrative hearing, the ALJ interpreted this limitation to work in a low stress environment to mean that Plaintiff could perform work in a *low production environment* with

occasional public contact, and he thus evaluated the evidence to determine how Plaintiff's stress would impact his ability to perform work-related functions. The ALJ's interpretation in this regard is reasonable, and his mental RFC determination is therefore supported by substantial evidence.") (emphasis added) (citations omitted).  Consistent with the magistrate judge's recommendation, the Court finds that the ALJ's analysis "adequately accounted for Plaintiff's moderate limitation in concentration, persistence or pace." (M&R 15).  Plaintiff's second objection is overruled.

## III.    CONCLUSION

Review of the entire record reveals that the ALJ's decision is supported by substantial evidence.  The Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith. Plaintiffs' Objections are overruled, and the Memorandum and Recommendation is adopted in full by this court.  Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the final decision of the Commissioner will be affirmed.

<b>ORDER</b>

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#16) is **AFFIRMED**, Plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the Commissioner's Motion for Summary Judgment (#13) is **GRANTED**, the decision of the Commissioner is **AFFIRMED**, and this action is **DISMISSED**.

Signed: September 16, 2019



Max O. Cogburn Jr.
United States District Judge